Low *vs.* AUSTIN and others.

CORNELIUS *vs.* THE SAME DEFENDANTS.

BULLIS *vs.* THE SAME DEFENDANTS.

Where V. agreed to build, construct and furnish for A. a steamboat, and to deliver the same to A. fully furnished and equipped, on or before a certain day, for which the latter agreed to pay the former a specified price, on delivery; *Held* that until the boat was completed, and delivered to A., the contract was executory, and the title to the boat remained in V.; that up to that time V. was the *owner* of the boat, and the debts of persons performing work and furnishing materials towards the building of the boat, under contracts made with him, became liens thereon, by virtue of the statute. (2 *R. S.* § 493.)

Low *v.* Austin.

THESE actions were tried at the Albany circuit, in June, 1855, before Mr. Justice WATSON, without a jury. The facts which appeared upon the trial were as follows : On the 29th of May, 1853, an agreement was entered into between Cornelius H. Van Wie of the one part, and Jeremiah J. Austin, of the other part, whereby the former agreed to build, construct and furnish for the latter, a steamboat of the description specified, and to deliver the same to the party of the second part, at the city of Albany, in every respect fully completed, furnished and equipped, on or before the 15th of April, 1854. The party of the second part agreed to pay for the boat, thus built, furnished and completed, the sum of $11,500, in the manner following, that is to say, $500 on each of the first days of October, November and December, 1853 ; $2400 in stock of the Albany and Canal Tow Boat Company, and $1000 in cash, on the delivery of the boat, and the balance in notes payable in three, six, nine, twelve and eighteen months, to be given at the time of the delivery.

Another agreement was made on the 27th of October, 1853, between the plaintiff Francis S. Low, of one part, and Van Wie, of the other part, whereby the former agreed to furnish and put up, in a vessel to be furnished by Van Wie, an engine and other specified machinery, for which Van Wie agreed to pay $6,750, as follows : $450 on the first of March, 1854, $5,100 in the notes of J. J. Austin, and $1200 in the stock of the Albany and Canal Tow Boat Company ; the notes and stock to be transferred on the completion of the boat. This contract was fully performed by Low, previous to the 16th of May, 1854. The plaintiff Cornelius furnished materials, for and at the request of Van Wie, and which were used in building, furnishing and equipping the boat, to the amount of $1009.47. The plaintiff Bullis furnished materials and performed work for Van Wie, upon the boat, to the amount of $388.50. On the 16th of May, 1854, the boat being completed, was delivered by Van Wie to Austin, in the city of Albany, who accepted the boat and paid therefor in full, according to the terms of the contract.

On the 30th and 31st of May, 1854, the plaintiffs severally obtained attachments against the boat, and caused her to be seized under the statute in relation to demands against ships and vessels, claiming that their several demands were liens thereon. The boat was discharged from the attachment, by the execution of the bonds upon which these actions were brought.

The court decided that the plaintiffs were not entitled to recover; and judgment having been entered upon the decision, the plaintiffs appealed to the general term.

*W. L. Learned*, for the plaintiffs.

*J. H. Reynolds*, for the defendants.

*By the Court*, HARRIS, J. The contract between Van Wie and Austin was wholly executory. The former agreed to deliver to the latter, at or before a specified time, a steamboat, finished, furnished and equipped, for which the latter agreed to pay the former a specified price. The boat was delivered under the contract, on the 16th of May, 1854. The contract then became an executed contract. Until then, it was executory, and the title to the boat remained in Van Wie. Had he sold it to another person, or had it been taken on execution against him, Austin would have had no right to interfere. (*Andrews* v. *Durant*, 1 *Kern.* 35.) It follows, that when the plaintiffs in these actions performed their work and furnished their materials towards the building of the boat, under a contract with Van Wie, he was the *owner* of the boat, and their debts became liens thereon. (2 *R. S.* 493. *See Phillips* v. *Wright*, 5 *Sand.* 342.)

This is undoubtedly a case of great hardship. The plaintiffs have furnished materials and labor in the construction of the boat, for which their only security seems to be in the lien provided by statute. On the other hand, Austin purchased the boat in good faith and paid the full price, not doubting that he thereby acquired a valid and unincumbered title. The question of hardship seems to be balanced. The whole amount in

controversy is to be lost by one party or the other. In such a case, all we can do is to declare the law. As I understand it, the plaintiff claims, when Austin received and paid for the boat, there were subsisting, valid incumbrances upon it. He had it in his power to protect himself against these incumbrances, by withholding the price until their liens should cease. He can only blame himself for omitting this precaution. The judgments at the circuit should be reversed, and new trials awarded, with costs to abide the event.

[ALBANY GENERAL TERM, September 1, 1856. *Harris, Watson* and *Gould,* Justices.]